# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CHRISTINE CHAMPAGNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| HEALTHCARE FINANCIAL RESOURCES, INC.,) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES Plaintiff, CHRISTINE CHAMPAGNE ("Plaintiff"), by and through her attorneys Nicholas F. Esposito and Bradley K. Staubus, and for her Complaint against Defendant, HEALTHCARE FINANCIAL RESOURCES, alleges as follows:

### Jurisdiction, Venue, and Parties

1. This action is brought pursuant to the Americans with Disabilities Act (42 U.S.C. § 12101, *et seq.*).

2. Jurisdiction exists under 28 U.S.C. § 1331 because this action arises under the laws of the United States, and §1343(4) because this action arises from an Act of Congress for the protection of civil rights. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law, which rights provide for damages, injunctive and other relief for illegal discrimination in employment.

3. Venue in this district is proper under 42 U.S.C. § 2000e-5(f) (3) and 28 U.S.C. § 1391(b) and (c) because the unlawful employment practices occurred in this district, Plaintiff is a citizen of the State of Illinois who currently resides within this judicial district, and the Defendant does business in this judicial district.

4. Defendant is a corporation having its principal places of business in the Northern District of Illinois, including Plaintiff's place of employment in Schaumburg, Illinois.

5. At all times relevant, Defendant has employed twenty (20) or more persons for each working day in each of the twenty (20) or more calendar weeks in the current or preceding calendar year. Plaintiff is an employee within the meaning of the Americans with Disabilities Act (the "ADA") and belongs to the class of employees protected under the statute.

6. On or about July 29, 2014, Plaintiff filed her Intake Questionnaire against Defendant with the Equal Employment Opportunity Commission ("EEOC") arising from her October 9, 2013 employment termination. Thereafter she also submitted her charge.

7. Plaintiff timely filed this complaint within ninety (90) days of the May 2, 2016 EEOC notice of right to sue.

## Facts Common to All Counts

8. On or around May 15, 2013, Defendant hired Plaintiff as a Claims Representative. Her most recent position with Defendant was Claims Representative.

9. On September 18, 2013, Plaintiff was meeting Defendant's legitimate business expectations.

10. On or around September 19, 2013, Plaintiff went on a medical leave of absence related to an emergency surgery. Thereafter, Plaintiff notified Defendant of her disability and requested an accommodation to remain off work until her physician released her to return to work.

11. On or around October 4, 2013, Plaintiff's physician released Plaintiff to return to work on or around October 21, 2013.

12. On or around October 9, 2013, Defendant terminated Plaintiff's employment.

## COUNT I
### Disability Discrimination

13. Paragraphs one through twelve (1-12) are incorporated herein by reference as paragraph thirteen (13).

14. Plaintiff was disabled within the meaning of the ADA.

15. Plaintiff was qualified to before the essential functions of his job with or without reasonable accommodation.

16. Due to Plaintiff's disability, Defendant took adverse action against Plaintiff when it terminated her employment.

17. Alternatively, Plaintiff was meeting Defendant's legitimate business expectations and Defendant treated similarly situated employees without a disability more favorably.

18. Defendant and its agents willfully and intentionally discriminated against Plaintiff based upon her alleged inability to physically perform her duties in violation of federal law, the ADA.

19. As a direct and proximate result of Defendant's discrimination against Plaintiff, she has suffered and will continue to suffer damage including loss of back pay including wages and benefits, liquidated damages, front pay, pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be determined at trial.

20. The willful nature of the violations, committed with malice or reckless indifference to the federally protected rights of Plaintiff, warrant statutory punitive damages pursuant to 42 U.S.C. § 1981a(b)(1).

21. Plaintiff seeks prejudgment interest, post-judgment interest, and costs including reasonable statutory attorneys' fees and expert witness fees.

WHEREFORE, Plaintiff, CHRISTINE CHAMPAGNE, prays for judgment in her favor and against Defendant, HEALTHCARE FINANCIAL RESOURCES, INC., and asks that the court award her direct and consequential damages, lost wages and benefits, liquidated damages, front pay, back pay, punitive damages pursuant to 42 U.S.C. § 1981a(b)(1), reasonable statutory attorneys' fees, expert witness fees, and costs, and such other relief as the Court may find appropriate.

## COUNT II
## Failure to Accommodate

22. Paragraphs one through twenty-one (1-21) are incorporated herein by reference as paragraph twenty-two (22).

23. Plaintiff was a qualified individual with a disability.

24. Defendant was aware of Plaintiff's disability vis-à-vis Plaintiff's physicians whom had reported to Defendant regarding Plaintiff's medical status and return to work recommendations.

25. Plaintiff requested an accommodation and the Defendant refused her accommodation request, instead terminating her employment.

26. By terminating Plaintiff, Defendant and its agents willfully and intentionally discriminated against Plaintiff based upon her alleged inability to physically perform her duties in violation of federal law, the ADA.

27. As a direct and proximate result of Defendant's failure to accommodate Plaintiff, she has suffered and will continue to suffer damage including loss of back pay including wages and benefits, liquidated damages, front pay, pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be determined at trial.

28. The willful nature of the violations, committed with malice or reckless indifference to the federally protected rights of Plaintiff, warrant statutory punitive damages pursuant to 42 U.S.C. § 1981a(b)(1).

29. Plaintiff seeks prejudgment interest, post-judgment interest, and costs including reasonable statutory attorneys' fees and expert witness fees.

WHEREFORE, Plaintiff, CHRISTINE CHAMPAGNE, prays for judgment in her favor and against Defendant, HEALTHCARE FINANCIAL RESOURCES, INC., and asks that the court award her direct and consequential damages, lost wages and benefits, liquidated damages, front pay, back pay, punitive damages pursuant to 42 U.S.C. § 1981a(b)(1), reasonable statutory attorneys' fees, expert witness fees, and costs, and such other relief as the Court may find appropriate.

**JURY TRIAL IS DEMANDED FOR ALL COUNTS**

> Respectfully submitted,
> **CHRISTINE CHAMPAGNE**,
> Plaintiff,
> By: /s/ Nicholas F. Esposito
> One of Plaintiff's Attorneys

Nicholas F. Esposito   (#0755176)
Bradley K. Staubus     (#6230326)
ESPOSITO & STAUBUS LLP
7055 Veterans Blvd., Unit B
Burr Ridge, IL 60527
312-346-2766