UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.1.1.2
Eastern Division

Christine Champagne
                                   Plaintiff,

v.                                                          Case No.: 1:16−cv−07663
                                                            Honorable Andrea R. Wood

Healthcare Financial Resources, Inc.
                                   Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, June 23, 2017:

       MINUTE entry before the Honorable Andrea R. Wood: The parties have filed a stipulation to dismiss [30] this case with prejudice but with the Court retaining jurisdiction to enforce the terms of the settlement. Pursuant to Seventh Circuit precedent, however, when a case is dismissed "with prejudice" the district court no longer retains jurisdiction. See Blue Cross and Blue Shield Ass'n v. American Express Co., 467 F.3d 634, 636 (7th Cir. 2006) (holding that the district court lacked jurisdiction to enforce a fee agreement after having dismissed the case with prejudice); Shapo v. Engle, 463 F.3d 641, 643 (7th Cir. 2006) ("[A] district judge cannot dismiss a suit with prejudice, thus terminating federal jurisdiction, yet at the same time retain jurisdiction to enforce the parties' settlement that led to the dismissal with prejudice."). While there are exceptions, such as for cases involving injunctive relief, see Shapo, 463 F.3d at 643, none of those exceptions appears to apply here. Moreover, while the parties are of course free to settle their dispute by agreement, they cannot agree that the case will be dismissed with prejudice and that the Court shall retain jurisdiction to enforce the terms of the settlement agreement. Id. at 645 ("Parties cannot confer federal jurisdiction by agreement.") Not being privy to the settlement negotiations or the terms of the resulting agreement, the Court cannot determine whether its ability to retain jurisdiction was a material term without which one or more parties might not have agreed to the settlement. To provide the parties time to confirm that they desire to proceed with the dismissal with prejudice, the Court dismisses this case without prejudice for now. The parties are granted leave to seek to reinstate the case within 7 days. If no party files a motion to reinstate the case by 6/30/2017, the dismissal will convert to a dismissal with prejudice. At that time, the district court will relinquish jurisdiction consistent with the law of this Circuit. Status hearing set for 6/29/2017 is stricken. Civil case terminated. Mailed notice(ef, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and

criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.